# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * *
KAREN CRAWFORD,                   *
                                  *    No. 17-398V
            Petitioner,           *    Special Master Christian J. Moran
                                  *
v.                                *
                                  *    Filed: September 7, 2021
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *    Entitlement; dismissal.
                                  *
            Respondent.           *
* * * * * * * * * * * * * * * * * * * *
```

Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for petitioner;
Sarah B. Rifkin, United States Dep't of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Karen Crawford alleged that the influenza ("flu") vaccine she received on October 13, 2014, caused her to suffer rheumatoid arthritis. Pet., filed Mar. 21, 2017, at Preamble; ¶ 18. On August 18, 2021, Mrs. Crawford moved for a decision dismissing her petition.

### I.   Procedural History

Karen Crawford ("petitioner") filed a petition on March 21, 2017. After petitioner filed her initial medical records, the Secretary filed his Rule 4(c) report on November 2, 2017, contesting entitlement. A status conference was then held

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

on November 8, 2017, during which an onset dispute was identified. Petitioner were then ordered to file an onset affidavit, as well as additional medical records.

After additional records were filed, a fact hearing was held in Newark, New Jersey on June 22, 2018, primarily to ascertain when petitioner's rheumatoid arthritis began. More records were identified and filed. Subsequently, on October 4, 2018, the undersigned ordered the parties to file memos identifying the evidence that supports their version of any factual disputes.

Petitioner filed her memo on November 5, 2018 and respondent filed his response on December 4, 2018. After considering the record as a whole, the undersigned issued a Finding of Fact on August 2, 2019. Preponderant evidence supported that petitioner's symptoms began on January 5, 2015, approximately three months after she received her flu vaccination.

After additional records were filed, petitioner filed an expert report from Dr. Nahm to support her claim. In response, the Secretary filed an expert report from Dr. Miner. Petitioner then filed a supplemental report from Dr. Nahm, the Secretary filed a supplemental report as well from Dr. Miner.

In a status conference on May 5, 2021, petitioner indicated that Dr. Nahm would not file another report, concluding the expert report phase. The undersigned noted a difference in experience between the parties' experts that might pose a challenge for petitioner.

On May 24, 2021, the undersigned issued a tentative finding against entitlement, noting weaknesses with petitioner's evidence on <u>Althen</u> prongs 1 and 3, making prong 2 difficult to establish. The same day, the undersigned issued an order for briefs in advance of potential adjudication. These filings were reviewed in a status conference held on June 16, 2021.

On August 18, 2021, petitioner moved for a decision dismissing her petition, stating that it would be unreasonable to proceed under these circumstances. Pet'r's Mot., filed Aug. 18, 2021, ¶ 5. The Secretary did not file a response to this motion. This matter is now ready for adjudication.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the

vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

In this case, petitioner filed medical records and expert reports in support of her claim, but nonetheless, wish to have her claim dismissed and judgment entered against her.  Though petitioner filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in this case, protecting their right to file a civil action in the future.  See Pet'r's Mot., filed Aug. 18, 2021, ¶ 8.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law."  Here, although the parties were in the process of presenting arguments, the evidence weighs against a finding that the flu vaccination caused Ms. Crawford's rheumatoid arthritis.  Dr. Nahm's opinion about how the flu vaccine can cause rheumatoid arthritis via molecular mimicry is undeveloped, as was his opinion regarding the appropriate onset timing.  If a petitioner cannot establish prong one and cannot establish prong three, it follows, as a matter of logic, that the petitioner also cannot establish Althen prong two.  See Caves v. Sec'y of Health & Human Servs., 100 Fed. Cl. 119, 145 (2011), aff'd without op., 463 F. App'x 932 (Fed. Cir. 2012).

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master