# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| KAREN CRAWFORD, * | |
| * | No. 17-398V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: November 22, 2022 |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * * * * *

Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Sarah B. Rifkin, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Karen Crawford's motion for final attorneys' fees and costs. She is awarded **$54,554.55**.

\*   \*   \*

On March 21, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccination she received on October 13, 2014,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

caused her to suffer rheumatoid arthritis. On June 22, 2018, a fact hearing was held in Newark, New Jersey, followed by more records being identified and filed and post-hearing briefs addressing the parties' version of any factual disputes. The undersigned issued a Findings of Fact on August 2, 2019, establishing the onset dates of petitioner's injuries.

Thereafter, the parties retained medical experts, with petitioner retaining Dr. Frederick Nahm, who filed two expert reports, and respondent retaining Dr. Jonathan Miner. On May 24, 2021, the undersigned issued his tentative finding denying entitlement. In this finding, the undersigned noted the difference in qualifications of the experts, with Dr. Miner having cared for hundreds of patients with rheumatological diseases, while Dr. Nahm appears to not possess any special expertise in rheumatology. The similar was true in the field of immunology. Thus, based upon the submitted reports and the undersigned's accumulated experience, it was held that petitioner was unlikely to establish that she is entitled to compensation. A scheduling order was also filed on the same day, outlining the next steps in the litigation regarding any potential filings. On August 18, 2021, petitioner filed a motion to voluntarily dismiss her petition and on September 7, 2021, the undersigned issued his decision dismissing the petition for insufficient proof. 2021 WL 4447004.

On March 3, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $45,784.90 and attorneys' costs of $19,195.19 for a total request of $64,980.09. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. Id. On March 9, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds that he defers to the Court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case and, should the Court determine that the requirements have been met, exercise its discretion and determine a reasonable award. Id. at 2-3.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also not

advanced any argument indicating that he believes good faith or reasonable basis were lacking in this claim. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of her counsel: for Ms. Amy Senerth, $225.00 per hour for work performed in 2017 and 2018, $233.00 per hour for work performed in 2018, $250.00 per hour for work performed in 2019, $275.00 per hour for work performed in 2020, and $300.00 per hour for work performed in 2021; and for Mr. Paul Brazil, $275.00 per hour for

work performed in 2016, $300.00 per hour for work performed in 2017, and $375.00 per hour for work performed in 2021. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned has previously awarded to petitioner's counsel at Muller Brazil, LLP for her Vaccine Program work. See, e.g. Viner v. Sec'y of Health & Human Servs., No. 20-357V, 2022 WL 9790765 (Fed. Cl. Spec. Mstr. Sept. 30, 2022); Pavlicek v. Sec'y of Health & Human Servs., No. 19-1573V, 2022 WL 4115663 (Fed. Cl. Spec. Mstr. Aug. 12, 2022).

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds that an overall reduction to the requested fees is warranted. First, a small reduction must be made to account for administrative tasks such as paralegals filing documents and attorneys billing time to direct their filing. See Guerrero v. Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). Additionally, the undersigned finds that for almost all court orders and filings by respondent, both Ms. Senerth and a firm paralegal have billed time for their review, leading to an excessive amount of time expended on that review (paralegal billing entries typically read "memo to file re:" followed by the name of the filing). The undersigned will reduce the final award of fees by $1,028.60. to account for these issues.

Petitioner is therefore awarded final attorneys' fees of $44,756.30.

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $20,528.66 in attorneys' costs. Most of this amount ($16,508.33 is attributable to work performed by Dr. Nahm with the balance comprised of acquiring medical records, postage, the Court's filing fee, and travel costs to attend the fact hearing in

New Jersey. These costs are reasonable and supported with the necessary documentation and shall be fully reimbursed. Dr. Nahm's work, however, requires additionally discussion.

Dr. Nahm's invoice reflects 33.01 hours billed at $500.00 per hour. This hourly rate is what has typically been found reasonable for Dr. Nahm's work in the Vaccine Program. See, e.g., Karapetian v. Sec'y of Health & Human Servs., No. 19-546V, 2022 WL 1865083, at *3 (Fed. Cl. Spec. Mstr. May 9, 2022). However, Dr. Nahm's work in this case does not merit his usual rate. See Frantz. v. Sec'y of Health & Human Servs., 146 Fed. Cl. 137, 146 (2019) (affirming that special masters may reduce the compensation rate for an expert when that expert's work was not worth the charged rate). In particular, the undersigned has previously reduced Dr. Nahm's hourly rate for substandard work product. Frogge v. Sec'y of Health & Human Servs., No. 16-1693V, 2022 WL 16848667 (Fed. Cl. Spec. Mstr. Oct. 25, 2022).

As previously noted, Dr. Nahm's lack of familiarity in both rheumatology and immunology lessened the value of his work in this case, particularly compared the work of respondent's expert Dr. Miner, who is a board-certified rheumatologist and an assistant professor of immunology. While Dr. Nahm is a qualified neurologist, his lack of specialized expertise in the relevant fields for this case made his work less persuasive than that of Dr. Miner. For example, Dr. Nahm's opinion regarding molecular mimicry was undeveloped and the flaws in this theory were pointed out in Dr. Miner's report. Further, Dr. Nahm did not identify when petitioner first manifested a sign of symptom of rheumatoid arthritis, despite a specific directive to do so. See Instructions, issued Nov. 22, 2019. These compounding problems reduce the value of Dr. Nahm's contributions to petitioner's case. The undersigned finds that a reasonable rate for Dr. Nahm's work in this case is $175.00 per hour, making a reasonable total for his work $5,777.92.

Petitioner is therefore awarded final attorneys' costs of $9,798.25.

D.     Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$54,554.55** (representing $44,756.30 in attorneys' fees and $9,798.25 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Amy Senerth.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.